```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

JOHN MORIN,                          :
    Plaintiff                        :
                                     :
    v.                               :   File No. 1:04CV226
                                     :
KENNETH RICHARDSON,                  :
    Defendant                        :

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Paper 26)

## I. Background

The Court may grant summary judgment only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party has an initial burden of informing the Court of the basis for his motion for summary judgment and of identifying the absence of a genuine issue of material fact. See, e.g., Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000). Where, as here, a motion for summary judgment is supported by affidavits and other documentary evidence, however, the opposing party must set forth specific facts showing there is a genuine, material issue for trial. See Forsyth v. Fed. Employment & Guidance Serv., 409 F.3d 565, 569-70 (2d Cir. 2005); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 526 (2d Cir. 1994).

1

Stated another way, a court's role when considering a motion for summary judgment is to determine whether there are genuine unresolved issues of material fact to be tried. See, e.g., Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004); Gibson v. Am. Broad. Co., Inc., 892 F.2d 1128, 1132 (2d Cir. 1989).  Only disputes over material facts which might affect the outcome of the suit under the governing law preclude the entry of summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Moreover, a dispute of fact is not "genuine," and does not preclude the entry of summary judgment, if the evidence is not sufficient to permit a jury to find in the nonmoving party's favor.  Id.  "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Id. at 252; see Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 574 (2d Cir. 2005).

Based on the parties' submissions, the Court finds the following material facts undisputed.  According to his deposition testimony, throughout the afternoon and evening of June 26, 2004, plaintiff John Morin socialized with friends and consumed a substantial but indeterminate number of beers.  Between 3:00 and 6:00 p.m. on June 26, 2004, Morin drank several beers while playing horseshoes with friends, including brothers Tim and Chris

Girard.  Later that evening, he accompanied one of the Girard brothers to "The Cow Palace," where he drank one or two more beers.  After leaving the bar, the plaintiff went to the home of a friend, Ben Parsons, where he drank an additional one to two beers.  Around 11:00 p.m., plaintiff arrived at "The Lucky Dog," a bar in Newport, Vermont, where he continued to consume beer and shots of alcohol.

Around 1:00 a.m. on June 27, 2004, the defendant, Newport City Police Officer Kenneth Richardson, was dispatched to the Lucky Dog following a complaint about a fight between Chris Girard and one Aaron Lefebvre.  Newport Police Officer Karl Packer and an Orleans County Deputy Sheriff also responded to the complaint.  By the time the officers arrived at the Lucky Dog, the fight had ended.  After speaking to several individuals, the officers left.

Shortly thereafter, plaintiff went outside the bar and became involved in an argument with an individual named "Andy Wood."  Both the plaintiff and Wood were intoxicated and began pushing each other; at some point prior to the defendant's return to the bar, plaintiff either fell or was pushed to the ground, resulting in noticeable blood on and injury to his face.

When Officers Richardson and Packer returned, others in the bar identified the plaintiff as one of the participants in the second reported fight.  Richardson decided to arrest Morin.  He

3

grabbed one of plaintiff's arms and, assisted by the bar's bouncer, Chris Davis, attempted to lead the plaintiff to the curb where the police car was parked.

The intoxicated plaintiff seemed to resist and, before Officer Richardson could fully apply handcuffs, the plaintiff jerked free from Davis and elbowed him.  Officer Richardson then took the plaintiff to the ground to restrain and handcuff him. The plaintiff maintains he suffered additional bruises and injuries when Richardson "slamm[ed] his face" into the sidewalk. <u>See</u> Paper 28 at para. 26.  Despite continued resistance, two of plaintiff's friends finally convinced him to get into the cruiser.

The police transported plaintiff to North Country Hospital, where the abrasions to his face were examined and cleaned. He did not receive any stitches, nor did he suffer any broken bones or sprains.

After treatment at the hospital, the plaintiff was taken to the Newport City Police Department, where he was evaluated by a substance abuse counselor.  The counselor found plaintiff incapacitated, so he was lodged at the correctional center, where his blood alcohol content at admission was determined to be .213.

The following afternoon, the plaintiff was released when his blood content returned to .0.  He received a citation to appear in court on charges of disorderly conduct and resisting arrest.

In January 2005, the plaintiff pled nolo contendere to the disorderly conduct charge.

## II. Discussion

The plaintiff primarily claims the defendant used excessive force in violation of 42 U.S.C. § 1983 when effectuating his arrest.  In response, the defendant maintains he used reasonable force and, in any event, is entitled to qualified immunity from plaintiff's suit.

The Fourth Amendment provides the standard for considering plaintiff's claim that the defendant used excessive force.  See Graham v. Connor, 490 U.S. 386, 394 (1989).  The Supreme Court has instructed that, to resolve an excessive force claim, a court must conduct a two-part analysis: "[T]he first inquiry must be whether a constitutional right would have been violated on the facts alleged; [and] second, assuming the violation is established, the question whether the right was clearly established must be considered. . . ."  Saucier v. Katz, 533 U.S. 194, 200 (2001).

### A. Existence of a Constitutional Violation

When required to rule on a claim of qualified immunity, the Court must address this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional

right?"  Id. at 201.  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."  Id.

Generally, the "use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness."  Id. at 202.  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Graham, 490 U.S. at 396.

"[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to underlying intent or motivation."  Id. at 397.  Thus, the court is not concerned with the defendant's "motives" or the "correctness" of his conduct, but rather with the objective reasonableness of his actions in light of the circumstances present at the time of the arrest.  See, e.g., Lennon v. Miller, 66 F.3d 416, 421 (2d Cir. 1995).

The undisputed, material facts show no constitutional violation occurred in this case.  The uncontested facts indicate the relatively minimal amount of force applied in effectuating the plaintiff's arrest was reasonably applied.  The plaintiff was intoxicated.  Individuals at the bar indicated he had been

involved in the brawl which had required police to return to the Lucky Dog.  Even though the plaintiff argues he did not resist arrest, the facts suggest that, at the very least, his intoxicated condition caused him to display difficulty in responding to the defendant's attempts to place him in the police cruiser.

In addition, the plaintiff pled nolo contendere to disorderly conduct, thereby negating any underlying claim of false arrest.  See, e.g., Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."); Decker v. Fish, 126 F. Supp. 2d 342, 347 (D. Vt. 2000) (conviction on charges which prompted arrest is "conclusive evidence of the good faith and reasonableness of the officer's decision to arrest . . .").  As for a claim of excessive force, the plaintiff's injuries, even if sustained during the attempt to handcuff him, were minimal and do not rise to the level of a constitutional violation under these circumstances.  See, e.g., Davis v. Brouillette, 349 F. Supp. 2d 847, 850-51 (D. Vt. 2004) (no significant injury demonstrated); Flannigan v. Town of Colchester, 171 F. Supp. 2d 361, 366 (D. Vt. 2001) ("cuts, scrapes, and muscle aches" do not necessarily suggest excessive force).

### B. Clearly Established Right

Assuming the plaintiff has alleged the violation of his rights, the Court nevertheless must afford the defendant qualified immunity if the constitutional right was not clearly established at the time of the violation. "This inquiry focuses on whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Cowan v. Breen, 352 F.3d 756, 761 (2d Cir. 2003) (citation and quotations omitted). "If the officer's mistake as to what the law requires is reasonable . . . the officer is entitled to the immunity defense." Saucier, 533 U.S. at 205. As the Supreme Court has emphasized: "[A]ll but the plainly incompetent or those who knowingly violate the law" are protected by qualified immunity. Malley v. Briggs, 475 U.S. 335, 341 (1986).

The same facts which demonstrate no violation of the plaintiff's constitutional rights also support a finding that, in any event, the defendant is entitled to qualified immunity. Officer Richardson was called to the scene of a barroom brawl involving a number of rowdy individuals. The plaintiff was obviously intoxicated and identified by others as involved in the brawl. Under these circumstances, the defendant's decision to handcuff the plaintiff and take him into custody was reasonable and did not violate any clearly established right of the plaintiff. See Saucier, 533 U.S. at 208 (Fourth Amendment

8

recognizes that the right to arrest includes the right to use some degree of physical coercion) (citation and quotations omitted); accord Graham, 490 U.S. at 396.

## III. Conclusion

The defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 30th day of August, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge